O’Neall, J.
delivered the opinion of the Court.
On the first ground of appeal, this Court is satisfied with the view taken by the presiding Judge below, and to his reasons for his decision we have nothing to add.
As to the second ground, although we. concur with him in l)is final disposition of the case, yet we come to that conclusion-, for reasons different from those assigned by him. Upon the fact of surety-ship being established, whatever would discharge the surety in Equity, will also discharge him in a Court of Law. The People v. Jansen, 7 Johns. 332, Pain v. Packard, 13 Id. 174. King v. Baldwin, 17 Id. 391, 2, 3, 4, 5. 1 M’C. Ch. 297. The supposed impossibility of ascertaining the fact of surety-
L *553 ship, or of distinguishing, at law, between the liability of eo-obligors, gave rise to the notion, that a Court of Law could not afford relief to the surety. But this fact, even in Equity, must often depend upon the admissions of the party, with whom the contract was made, or be proved by parol evidence. Smith v. Tunno,1 M’C. Ch. 451. Now a Court of Law can be justas well informed, by parol evidence, of the character in which the obligors became bound, as a Court of Equity. It is obvious, therefore, that a Court of Law being able to ascertain the character in which the obligors became bound, and the rule by which the surety is to be discharged, being a legal rule, there is nothing to prevent the defence being made at iaw.
The rule is stated with great clearness, in the case of King v. Baldwin, 2 Johns. Ch. R. 559, 560, to be, “that the surety is bound by the terms of his contract; and if the creditor, by agreement with the principal debtor, without the concurrence of the surety, varies these terms, by enlarging the time of performance, the surety is discharged, for he is injured, and his risk increased.” Under this rule, it may well be doubted, whether a stay of execution, after it has been lodged in the sheriff’s office, can be a ground to discharge the surety ; for it neither injures him, nor subjects him to greater risk. In fact, lodging an execution, generally adds much to his safety, for all his principal’s property is subjected to the lien. • But be that as it .may, the surety here, cannot be discharged ; since it does not appear, that the promise to indulge, or forbear execution, was an agreement binding upon the creditor. It might have been, as I suppose was in truth the case, a merely gratuitous undertaking to stay the execution, if the debtor made no attempt to evade payment, by putting his property out of the reach of the law. It does not vary the terms of the contract. The surety might have paid the debt, and sued his principal, and compelled him to repay him, notwithstanding the stay. The motion to reverse the Circuit decree is therefore refused.
Motion refused.